Markman, J.
(dissenting). Because the trial court failed to follow the Legislature’s clear direction in MCL 771.3c, I dissent. That provision directs a court to recoup probation fees from a defendant and provides in part that:
In determining the amount of the fee, the court shall consider the probationer’s projected income and financial resources. The court shall use the following table of projected monthly income in determining the amount of the fee to be ordered:
Projected Monthly Income Amount of Fee
$ 0-249.99 $ 0
$ 250.00-499.99 $10
$ 500.00-749.99 $25
$ 750.00-999.99 $40
$ 1,000.00 or more 5% of projected monthly income, but not more than $135.
... If the court orders a higher amount, the amount and the reasons for ordering that amount shall be stated in the court order. [MCL 771.3c(l).]
Absent any explanation, the trial court here assessed defendant a $10 monthly fee (for 24 months), although the only evidence regarding *949 defendant’s income showed that he earned $200 a month, correlating with a $0 monthly fee. Accordingly, I would remand to the trial court for that court to either waive the fee or state “the reasons for ordering” the higher fee, as required by law.[1]

 Judge White, dissenting in the Court of Appeals, would also have “direct[ed] the trial court to consider the probation costs . . . .” Unpublished order of the Court of Appeals, entered July 24, 2008 (Docket No. 285108).